IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MICHAEL JOHNSON,

    Plaintiff,

vs.                               CIVIL ACTION NO.: CV206-097

JACKIE WRIGHT, Counselor, and
JOSE VAZQUEZ, Warden,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at the Federal Correctional Institution in Jesup, Georgia, ("FCI Jesup") has filed an action pursuant to 28 U.S.C.A. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). A prisoner in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C.A. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that pro se pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C.A. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C.A. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that Defendant Wright forced him to give another inmate documents that Plaintiff had attempted to file with State Court in Long County. Plaintiff alleges that Defendant Wright called a fellow inmate to her office. Plaintiff asserts that Defendant Wright told him that he had not filed the paper work properly and that he had to hire the inmate to help him with the filing. Defendant Wright directed Plaintiff to give his papers to this inmate for him to review. Plaintiff contends that while he was arguing about this with Defendant Wright, the inmate read these documents.

Plaintiff attempts to set forth a violation of his First and Fourth Amendment rights in that he was denied access to the court by being forced to use the inmate "attorney" and allowing the inmate to read his legal paper work without his consent. Plaintiff has not exhausted his administrative remedies. Plaintiff addresses this in his accompanying brief.

AO 72A
(Rev. 8/82)

Plaintiff contends that he has witnessed other inmates who have filed grievances against Defendant Wright. Plaintiff asserts that Defendant Wright made those inmates "life a living hell." (Compl. p. 9.) Plaintiff further contends, and cites case law to the effect that courts do not require exhaustion of administrative remedies where doing so may result in irreparable injury or the claim will clearly be denied. (Compl. p. 10.)

Where Congress explicitly mandates, federal prisoners seeking relief under Bivens must first exhaust inmate grievance procedures before filing suit in federal court. Porter v. Nussle, 534 U.S. 516, 524, 122 S. Ct. 983, 988, 152 L. Ed. 2d 12 (2002); McCarthy v. Madigan, 503 U.S. 140, 144, 112 S. Ct. 1081, 1086, 117 L. Ed. 2d 291, 299 (1992). 42 U.S.C.A. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002), the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter at 523, 122 S. Ct. at 987. Thus, even when the prisoner is seeking relief not provided for under the grievance process, exhaustion is still a prerequisite to his filing suit. Id. at 524, 122 S. Ct. at 988; Booth v. Churner, 532 U.S. 731, 732, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

AO 72A
(Rev. 8/82)

Based on the foregoing, it is my recommendation that Plaintiff's complaint be **DISMISSED**, without prejudice, due to Plaintiff's failure to exhaust available administrative remedies prior to filing his complaint.

**SO REPORTED** and **RECOMMENDED,** this 7½ day of August, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

4

AO 72A
(Rev. 8/82)